875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy K. NUCKOLS, Plaintiff--Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant--Appellee.
 No. 88-2923.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 14, 1989.
Decided: May 16, 1989.
 
 Roger Daniel Forman (Forman, Kanner & Crane, on brief), for appellant.
 William Brian Reeser, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Office of the General Counsel, Department of Health and Human Services; Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Billy K. Nuckols ("claimant") appeals from a decision of the United States magistrate affirming the Secretary's denial of his claim for social security disability insurance benefits, 42 U.S.C. Sec. 405(g) and supplemental security income benefits, 42 U.S.C. Sec. 1383(c)(3). We find that substantial evidence supports the Secretary's decision, and we affirm.
 
 I.
 
 2
 The claimant is 42 years old, has a high school education plus one year of college and has previous work experience as an electrician in the coal mines and as a concrete construction worker. He last worked on June 19, 1982, when he was laid off during a mine shutdown.
 
 
 3
 The medical evidence shows that claimant suffers from angina, a congenital heart block for which a pacemaker was inserted in 1985, degenerative joint disease of the cervical spine, and anxiety tension. At the hearing before the ALJ, the claimant testified that he gets very tired when he cuts grass for an hour or two; that he used to be able to bench press 250 pounds but is not sure whether he could lift 200 pounds now; and that he suffers from pain and stiffness in his back and neck. On the basis of the evidence, the ALJ found that although claimant could not return to his former work, he was capable of performing a full range of light work. The ALJ applied the "grid regulations" to determine that the claimant was not disabled. Based upon the ALJ's determinations, the Secretary denied the claimant's application for benefits and the magistrate affirmed.
 
 II.
 
 4
 The claimant contends that the ALJ failed to credit a medical report in the record from Dr. T.Y. Asinas who diagnosed anxiety tension state and fatigue and stated that the claimant should not lift or carry more than ten pounds which would place him in a sedentary level category of work. The claimant contends that the ALJ's finding that he can perform light work is contrary to Dr. Asinas' report. Although Dr. Asinas continually diagnosed an ability to perform work only at the sedentary level, several other consulting physicians completed residual functional capacity assessments that support the ALJ's finding that claimant can perform at the light and sedentary levels. The record contains no other medical evidence limiting claimant's working capacity to the sedentary level and the claimant himself testified about various exertional activities that he could perform beyond the sedentary level. Further, even if claimant could show that he is limited to sedentary work, the grids would still direct a finding of not disabled. Therefore, this contention fails.
 
 
 5
 The claimant also contends that the ALJ erred in applying the grids in view of Dr. Asinas' report diagnosing anxiety tension. Not every nonexertional malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids. Grant v. Schweiker, 699 F.2d 189 (4th Cir.1983). In this case there is no evidence that claimant is prevented from working because of his anxiety and the ALJ did not err in failing to find that claimant's anxiety was a significant limitation that would prevent use of the grids.
 
 
 6
 Finally, claimant contends that the ALJ erred in applying the grids in view of his environmental limitations. The only environmental limitations placed on claimant by his physicians are a result of his pacemaker and are that he stay at least three feet away from microwave ovens and avoid radar installations and heavy machinery. These restrictions are so limited that they would not significantly restrict the number of jobs available in the national economy and therefore do not preclude reliance on the grids.
 
 III.
 
 7
 Our scope of review is narrow. If there is substantial evidence to support the decision of the Secretary, then that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773 (4th Cir.1972). The record in this case, viewed in its entirety, clearly provides substantial evidence to support the Secretary's decision. See 42 U.S.C. Sec. 205(g). Therefore, the judgment of the magistrate is affirmed.
 
 
 8
 AFFIRMED.